**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **INTERNATIONAL WATCHMAN, INC.,** | **CASE NO. 1:20-CV-02290** |
| Plaintiff, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **ONCEWILL LLC, et al.,** | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon Plaintiff International Watchman, Inc.'s ("Plaintiff") Motion to Strike Defendant OnceWill LLC's Motion to Extend the Deadline to Respond to the Complaint (CM/ECF Doc. #12) and Request for Reconsideration of the Court's Docket Text Order Granting CM/ECF Doc. #12 ("Plaintiff's Motion"), filed on November 12, 2020. (Doc. No. 13.) Defendant OnceWill LLC ("OnceWill") has not responded to Plaintiff's Motion. For the following reasons, Plaintiff's Motion is GRANTED.

On October 9, 2020, Plaintiff filed a Complaint for trademark infringement against OnceWill, as well as several other defendants. (Doc. No. 1.) On November 12, 2020, OnceWill filed a Motion to Extend the Deadline to Respond to the Complaint ("OnceWill's Motion"), requesting that the Court extend OnceWill's deadline to respond to Plaintiff's Complaint by sixty days to January 4, 2020. (Doc. No. 12.) In OnceWill's Motion, OnceWill indicated that it "is a sole proprietorship consisting of proprietor Ryan Sood." (*Id.*) OnceWill's Motion also showed that it was filed by Ryan Sood, acting *pro se*. (*Id.*) The Court granted OnceWill's Motion that same day.

Subsequently, also on November 12, 2020, Plaintiff filed its Motion, requesting that the Court strike OnceWill's Motion and reconsider its order granting the requested extension of time for

OnceWill to respond to Plaintiff's Complaint. (Doc. No. 13.) Plaintiff asserts that OnceWill is a limited liability company ("LLC"), not a sole proprietorship as OnceWill represented. (*Id.* at 2.) In support of this assertion, Plaintiff provided a printout from the Washington Secretary of State's website showing that OnceWill is listed as an LLC. (*Id.*; Doc. No. 13-1.) As a result of OnceWill's status as an LLC, Plaintiff argues that OnceWill only can maintain litigation or appear in court through an attorney and cannot file pleadings or motions in Court on its own behalf *pro se* as it has attempted to do here. (Doc. No. 13 at 1-2.) OnceWill has not responded to Plaintiff's Motion.

"The law is well-settled that a corporation may appear in federal courts only through licensed counsel and not through the *pro se* representation of an officer, agent, or shareholder." *Nat'l Labor Relations Bd. v. Consol. Food Servs., Inc.*, 81 F. App'x 13, 14 n.1 (6th Cir. 2003). "This rule also applies to limited liability corporations." *Barrette Outdoor Living, Inc. v. Michigan Resin Representatives, LLC*, No. 11-13335, 2013 WL 1799858, at *7 (E.D. Mich. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1800356 (E.D. Mich. Apr. 29, 2013); *accord Perry v. Krieger Beard Servs., LLC*, No. 3:17-cv-161, 2019 U.S. Dist. LEXIS 27311, at *2 (S.D. Ohio Feb. 21, 2019) ("[L]imited liability companies may not appear in this Court *pro se* and, thus, may only appear through a licensed attorney admitted to practice in this Court."); *Hilton I. Hale & Associates, LLC v. Gaebler*, No. 2:10–CV–920, 2011 WL 308275, at *1 (S.D. Ohio Jan. 28, 2011) ("[A] limited liability corporation is another example of an artificial entity that should retain legal counsel before appearing in federal court.").

In this case, although OnceWill has indicated that it is a sole proprietorship, Plaintiff has shown that OnceWill is actually an LLC. (*See* Doc. No. 13-1.) Consequently, OnceWill may not appear in this Court *pro se*, and its Motion requesting an extension of time was improperly filed.

Plaintiff's Motion (Doc. No. 13) is therefore GRANTED. OnceWill's Motion (Doc. No. 12) is stricken, and the Court will reconsider its previous order and deny OnceWill's requested extension of time to respond to Plaintiff's Complaint. OnceWill shall file, through counsel, either another request for an extension of time or a response to Plaintiff's Complaint by December 21, 2020.

**IT IS SO ORDERED.**

Date: December 7, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE