**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL WATCHMAN INC., | : |
| Plaintiff | : |
| v. | : Case No.: 1:20-cv-02290-JPC |
| ONCEWILL LLC et al., | : |
| Defendant. | : |

## DEFENDANT ONCEWILL LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant OnceWill LLC ("OnceWill"), by and through its undersigned counsel, hereby provides the following Answer, Affirmative Defenses, and Counterclaim to Plaintiff International Watchman, Inc.'s ("Watchman") Complaint.

1. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies same.

2. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies same.

3. OnceWill admits the allegations in Paragraph 2 of the Complaint for jurisdictional purposes only.

4. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies same.

5. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies same.

6. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies same.

7. OnceWill admits that the quoted language is found in the cited statute, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies same.

8. OnceWill admits that the quoted language is found in the cited statute, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint, and therefore denies same.

9. OnceWill denies the allegations of Paragraph 9 as they pertain to OnceWill. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9, and therefore denies same.

10. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies same.

11. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies same.

12. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies same.

13. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies same.

14. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies same.

15. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies same.

16. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies same.

17. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies same.

18. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies same.

19. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies same.

20. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies same.

21. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies same.

22. OnceWill admits the lawsuit purports to allege claims for trademark infringement. OnceWill denies the remaining allegations of Paragraph 22 as they pertain to OnceWill. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22, and therefore denies same.

23. OnceWill denies the allegations of Paragraph 23 as they pertain to OnceWill. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23, and therefore denies same.

24. OnceWill denies the allegations of Paragraph 24 as they pertain to OnceWill. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and therefore denies same.

25. OnceWill denies the allegations of Paragraph 25 as they pertain to OnceWill. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and therefore denies same.

26. OnceWill denies the allegations of Paragraph 26 as they pertain to OnceWill. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and therefore denies same.

27. OnceWill denies the allegations of Paragraph 27 as they pertain to OnceWill. OnceWill lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27, and therefore denies same.

28. OnceWill incorporates by reference the contents of Paragraphs 1-27 above as if fully set forth herein.

29. OnceWill denies the allegations in Paragraph 29 of the Complaint.

30. OnceWill denies the allegations in Paragraph 30 of the Complaint.

31. OnceWill denies the allegations in Paragraph 31 of the Complaint.

32. OnceWill denies the allegations in Paragraph 32 of the Complaint.

33. OnceWill denies the allegations in Paragraph 33 of the Complaint.

34. OnceWill denies the allegations in Paragraph 34 of the Complaint.

35. OnceWill incorporates by reference the contents of Paragraphs 1-27 above as if fully set forth herein.

36. OnceWill denies the allegations in Paragraph 36 of the Complaint.

## **PRAYER FOR RELIEF**

OnceWill denies Plaintiff is entitled to any of the relief it seeks in the Prayer for Relief, Paragraphs A-R, inclusive.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense:
### Genericness

Watchman's claims are barred on the basis that the NATO mark is generic for watches, watch bands, and/or watch straps as the public understands NATO as primarily describing the genus of these goods.

### Second Affirmative Defense:
### Fair Use

OnceWill's use of the term NATO in connection with the sale of watch bands is protected as fair use under 15 U.S.C. § 1115(b)(4) and the common law.

### Third Affirmative Defense:
### Abandonment

Watchmen has abandoned any trademark rights it may possess due to failure to police against widespread third party use of the term NATO in connection with the sale of watches and watch bands.

### Fourth Affirmative Defense:
### Laches

Watchmen's claims are barred by the equitable doctrine of laches.

### Fifth Affirmative Defense:
### Reservation of Rights

OnceWill expressly reserves the right to assert additional affirmative defenses as discovery may reveal.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff, OnceWill LLC, through its undersigned counsel, alleges the following Counterclaim against Plaintiff/Counterclaim Defendant International Watchman, Inc., as follows:

**Parties, Jurisdiction and Venue**

1. OnceWill LLC is a Washington limited liability company with its principal place of business in Seattle, Washington.

2. On information and belief, Watchman is a corporation organized under the laws of the state of Ohio, with its principal place of business in Brunswick, Ohio.

3. This is an action for cancellation of federal trademark registrationS pursuant to 15 U.S.C. § 1064(3).

4. This Court has personal jurisdiction over Watchman by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

5. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c0 and 1400(b).

**Factual Background**

7. OnceWill is based in Seattle, Washington and is in the business of selling watches, watch straps, and accessories.

8. OnceWill has developed valuable goodwill associated with its business name and mark OnceWill.

9. Watchman alleges ownership of the registered mark NATO (U.S. Reg. No. 3,907,646) for watches, watch bands, and straps in International Class 14, and the mark NATO-G10 (U.S. Reg. No. 4,093,914) for watches, watchbands, and watch straps in International Class 14 (collectively, the "Registrations").

10. In its applications, Watchman claimed the NATO mark was first used in connection with watches, watch bands, and watch straps on February 2, 2003 and first used in commerce on May 15, 2003.

11. The "NATO" mark was used by numerous third parties for many years in the United States prior to Watchman's alleged dates of first use, and continues to be widely used today.

12. The NATO designation is a common term for flexible one-piece military style watch bands.

13. The term "NATO" is commonly used in connection with "NATO watch bands/straps," a type of wrist band used in the watch industry which originates from the British Ministry of Defense Standard in 1973 where the NATO Stocking Number, now called "NATO" strap for short, would be issued to soldiers through the filling out of a form known as the G1098 or G10 for short.

14. The term NATO for watches, watch straps, and watch bands is widely used by the public in a generic manner.

15. The term NATO for watches, watch straps, and watch bands is widely used by a multitude of competitors in referring to and selling those products.

## Count 1
## Cancellation of Trademark Registrations Under 15 U.S.C. § 1064(3)

16. Counter-Plaintiff OnceWill LLC realleges the allegations set forth in Paragraphs 1-15 as if fully set forth herein.

17. This Court has power to order cancellation of the Registrations pursuant to 15 U.S.C. §§ 1064(3) and 1119.

18. Generic designations, by definition, are not protectible as trademarks and are not registrable on the Principal or Supplemental Register of the United States Patent and Trademark Office.

19. The primary significance of the term "NATO" to the relevant consuming public is not that of a trademark identifying Watchman. Rather, "ANTO" represents a generic name for watches, watch straps, and watch bands, and thus Watchman's Registrations should be cancelled as generic.

20. If Watchman is allowed to maintain its registration of the generic term "NATO," persists in asserting allegedly exclusive rights to that term for use in connection with watches, watch straps, and watch bands, and enforce its Registrations against OnceWill and others, OnceWill will be damaged by the improper and unfair limitations on its ability to use that term in connection with its own goods and services.

WHEREFORE, OnceWill LLC respectfully prays for the following relief from this Court:

(a) That International Watchman take nothing on its Complaint against OnceWill, and that the Court enter an Order dismissing the Complaint with prejudice.

(b) That the Court order the United States Patent and Trademark Office to cancel U.S. Reg. No. 3,907,646 and U.S. Reg. No. 4,093,914.

(c) That the Court award OnceWill its attorney's fees, costs, and prejudgment and post judgment interest;

(d) That the Court award any other relief to OnceWill that it deems just and proper.

Date: <u>January 20, 2021</u>                    Respectfully submitted,

                                                          /s/ Carrie A. Shufflebarger
                                                          Carrie A Shufflebarger (Ohio Bar. No. 81141)
                                                          Thompson Hine LLP
                                                          312 Walnut Street
                                                          Fourteenth Floor
                                                          Cincinnati, OH 45202
                                                          (513) 352.6670 (phone)
                                                          carrie.shufflebarger@thompsonhine.com

                                                          *Attorneys for Defendant OnceWill LLC*

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing is being served on all counsel of record via the Court's ECF filing system on this 20th day of January, 2021.

                        /s/ Carrie A. Shufflebarger
                        Carrie A. Shufflebarger